IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CLAYTON BERNHOLTZ, on behalf of
himself and all others similarly situated

                             CASE NO.:

    Plaintiff,

v.

CROSSCOUNTRY MORTGAGE, LLC,
and CLASS VALUATION, LLC

    Defendants.

_____/

**DEFENDANT, CLASS VALUATION, LLC'S NOTICE OF REMOVAL**

Defendant, CLASS VALUATION, LLC ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Federal Rule of Civil Procedure 81, hereby file this Notice of Removal requesting that this case be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. The basis for the removal of this action is as follows:

## I.     INTRODUCTION

1.     CLASS VALUATION and CROSSCOUNTRY MORTGAGE, LLC are the Defendants in a civil class action brought by Plaintiff, CLAYTON BERNHOLTZ, on behalf of himself and others similarly situated. Class Valuation was served on June 17, 2026. The Complaint alleging claims of Florida Unfair and

Deceptive Trade Practice Act and Unjust Enrichment was filed against Defendant, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, (Case No.: CACE-26-009663) which is located within the Fort Lauderdale Division of the United States District Court for the Southern District of Florida. A copy of the operative Complaint (filed by the Plaintiff on June 11, 2026) is attached hereto and incorporated herein as **Exhibit 1.**

2.     With respect to the time period for filing Notices of Removal, 28 U.S.C. § 1446(b)(1) states in pertinent part, that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.."

3.     28 U.S.C. § 1446(b), thirty (30) days from the date the Defendant was served the Complaint is July 17, 2026

4.     Therefore, Defendant's Notice of Removal is timely filed, as it is filed within thirty (30) days of Defendant's receipt of service of process of the Complaint.

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com

5.    In compliance with the mandates of 28 U.S.C. §1446, the Defendants attach hereto a true, accurate, and complete copy of all process, pleadings, and other papers filed in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. *See* attached docket sheet from the Clerk of the Court as **Exhibit 2** and all other state court documents attached as **Exhibit 3.** *See also* Civil Cover Sheet attached as **Exhibit 4**.

## II.    NATURE OF THE LAWSUIT

6.    Plaintiff's Complaint alleges that Defendant, CLASS VALUATION, LLC, was authorized and doing business in Pinellas County, Florida. *See* ¶ 15, **Ex. 1**.

7.    Plaintiff's Complaint correctly identifies that CLASS VALUATION has its principal place of business in Michigan. *See* ¶ 15, **Ex. 1**. Furthermore, CLASS VALUATION is incorporated in Michigan.

8.    Defendant, CROSSCOUNTRY MORTGAGE, LLC maintains a principal place of business in Ohio and is incorporated under the laws of the State of Delaware.

9.    Plaintiff's Complaint alleges that Plaintiff is domiciled in and is a citizen of Florida *See* ¶ 13, **Ex. 1**.

10.    Plaintiff's complaint alleges Defendant engaged in a scheme to retain significant funds without disclosing their involvement or how much money was

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com

retained by Defendant.

11.     Defendant, CROSSCOUNTRY MORTGAGE, LLC, consents to this removal.

### III.     DIVERSITY JURISDICTION

12.     This court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties.

13.     In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See Pease* v. *Medtronic, Inc.,* 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998); *see also Licari v. Am. Sec. Ins. Co.,* 8:12-CV-2853-T-33EAJ, 2013 WL 268688, at *1 (M.D. Fla. 2013) ("[o]riginal jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000").

14.     As stated above the Complaint alleges Plaintiff is domiciled in and is a citizen of Florida *See* ¶ *13,* **Ex. 1**. Furthermore, Plaintiff's alleged class is limited to Florida residents. *See* ¶ *47,* **Ex. 1.**

15.     Based upon Plaintiff's the allegations in the Complaint, Plaintiff and any alleged class are deemed citizens of Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com

16.     At the time when this action was commenced and at all times material to this action, CLASS VALUATION was and is incorporated in Michigan with its principal place of business located 40600 ANN ARBOR ROAD E STE 201, SUITE 201, PLYMOUTH, MI 48170. Thus, CLASS VALUATION is a citizen for Michigan for purposes of diversity jurisdiction.

17.     At the time when this action was commenced and at all times material to this action, CROSS COUNTRY MORTGAGE was and is incorporated in Delaware with its principal place of business located 2160 SUPERIOR AVENUE CLEVELAND, OH 44114. Thus, CROSSCOUNTRY MORTGAGE is a citizen for Ohio and Delaware for purposes of diversity jurisdiction.

18.     Complete diversity therefore exists between the parties in accordance with 28 U.S.C. § 1332.

19.     Further, pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Florida, Fort Lauderdale Division, because a substantial part of the events or omissions giving rise to the claim occurred in Broward County, Florida. *See* **Ex. 1**.

## IV.     AMOUNT IN CONTROVERSY

20.     Given that complete and true diversity exists, Defendant contends that the 28 U.S.C. § 1332(d) requirements for amount in controversy do not apply and instead 28 U.S.C. §§ 1332(a) and 1453 applies.

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com

21.     In order for this Court to have jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." *See Brandt v. Weather Channel, Inc.*, 42 F. Supp. 2d 1344, 1345 (S.D. Fla. 1999), aff'd, 204 F.3d 1123 (11th Cir. 1999) (Finding that parties have the right to remove when the complaint pleads damages in excess of the federal jurisdictional amount of $75,000).

22.     Although Plaintiff does not plead a specific sum certain, the Complaint the allegations are clear by the size of the proposed class and the claimed damages.

23.     Plaintiff's FDUPTA claim includes a claim for attorneys' fees as permissible under the statute combined with the fact that Plaintiff alleges damages for the appraisal fees paid by the entire class of mortgagee's from October 26, 2021 thru the date of certification it is clear that Plaintiff seeks in excess of $75,000.00

24.     The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).  From the face of the Complaint it is clear that Plaintiff intends to seek over $75,000.00.

25.     These amounts satisfy the amount in controversy requirement.

26.

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com

## V.    <u>NOTICE OF REMOVAL</u>

26.    Defendant has filed this Notice of Removal within 30 days of being served with the Complaint as required under 28 U.S.C. § 1446.

27.    A Copy of this Notice of Removal has been provided to the Plaintiff and is being filed contemporaneously with the Clerk of Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

28.    Defendant by virtue of filing this Notice of Removal, do not waive any defenses or objections available to them under the law with regard to the substantive issues raised in the Complaint.

29.    Defendant represent that each of the defendants known to have been served to date have provided their written agreement to the removal of the action to federal court. 28 U.S.C. § 1446(b)(2)(A).

## VI.    <u>CONCLUSION</u>

This Notice of Removal complies with the requirements of the Federal Statutes for removal based upon diversity jurisdiction. The Plaintiff and Defendants in this matter are diverse in citizenship and the amount in controversy exceeds $75,000.00. Accordingly, based upon this Court's diversity jurisdiction, this action is properly removed from State Court to Federal Court, pursuant to 28 U.S.C. §§1441, *et seq.*

**WHEREFORE**, Defendant, CLASS VALUATION, LLC respectfully

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com

requests that the civil action filed by the Plaintiff, CLAYTON BERNHOLTZ, in the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et seq.* and that this Honorable Court accept jurisdiction of this action and provide any and all other relief this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17, 2026, we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. We also certify the foregoing document is being served this day on all counsel or parties of record on the attached Service List via electronic mail.

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
200 E. Las Olas Boulevard Suite 1820
Fort Lauderdale, Florida 33301
Telephone:        (954) 765-1001
Facsimile:        (954) 765-1005

By: *s/ Nicholas E. Richardson*
**NICHOLAS E. RICHARDSON, ESQ.**
Florida Bar No: 1024637
nrichardson@smsm.com
AMANADA L. PICCININNI, ESQ.
Florida Bar No: 1049923
apiccininni@smsm.com

nerpleadings@smsm.com
*(for email service only)*

8

## SERVICE LIST

| | |
|---|---|
| Alec H. Schultz, Esq.<br>HILGERS GRABEN, PLLC<br>1221 Brickell Avenue<br>Suite 900<br>Miami, Florida 33131<br>Aschultz@hilgerslaw.com<br><br>*Counsel for Plaintiff* | Steven J. Brotman, Esq.<br>TROUTMAN PEPPER LOCKE, LLP<br>777 S. Flagler Drive<br>Suite 215 East Tower<br>West Palm Beach, Florida 33401<br>Steven.brotman@troutman.com<br>Irene.rabba@troutman.com<br>litigationdocketrequests@troutman.com<br><br>*Counsel for Defendant, CrossCountry Mortgage, LLC* |

200 East Las Olas Blvd. Suite 1820 | Fort Lauderdale, Florida 33301 | 954.765.1001 | SegalMcCambridge.com